## Case No. 15,801.

### UNITED STATES v. MOORE.

[2 Bond, 34.] [1]

District Court, S. D. Ohio. June Term, 1866.

SHIPPING—STEAM INSPECTION—GOVERNMENT SERVICE.

A steamboat navigating the Ohio and Mississippi rivers was impressed into the service of the government, by a military order, to transport troops and supplies. During the period of said service, the year for which she had previously been inspected expired: *Held*, that the owner of the boat was not liable to a penalty for her non-inspection while in the government service.

[This was a suit by the United States against Robert Moore.]

R. M. Corwine, U. S. Dist. Atty.
Lincoln, Smith & Warnock, for defendant.

LEAVITT, District Judge. This is a suit for a penalty of five hundred dollars against the defendant for permitting his steamboat, the "Sunny South," to be navigated without inspection. It is alleged, and it is proved by the defendant, that when the year for which the boat had been previously inspected expired, she was not in his possession or under his control. The owner of the boat and the defendant in this suit was sworn as a witness on the hearing of the case, and his statement was briefly and substantially, that he was the owner of the Sunny South; that in 1864 she was employed upon the Ohio and Mississippi rivers; that she was brought to Memphis for the purpose of selling her; that, while lying there, she was impressed by a military order into the service of the government to transport troops and supplies; that she was in such service when her inspection papers expired; that, after she was discharged from the service she was not run for the conveyance of freight or passengers; that, after laying some time at Memphis when released by the government, she was brought to Cincinnati for repairs; and that, in coming up the river for that purpose, she carried neither freight nor passengers. There is no evidence that after she was impressed by the military authorities, she was used by or for the benefit of the owner in the transportation of cargo or passengers.

The sole question for the decision of the court is, whether in this state of facts the owner has incurred the penalty of the law for not causing the inspection of the boat. It is a new question, and I am of the opinion that the owner can not be held liable. I do not propose to discuss the question at length, but will merely remark that I can not hold the owner liable to the penalty for non-inspection while the boat was in the possession and under the sole control of the government. If the officials of the government thought it necessary, for the safety of the cargo or persons on board, to have the boat inspected, it was their duty, and not the duty of the owner, to take out inspection papers. For aught that appears in the case, the boat, when the inspection expired, might have been at some remote point not known to or accessible to the owner, and it would be a palpable hardship to hold him guilty of a violation of the law in not having the boat inspected under the circumstances stated. This hardship would be the more palpable from the statement of the owner, as understood by the court, that he was not running the boat when impressed by the government, and had no intention to run her until she was repaired and inspected. The fact that after the boat was discharged by the government, the owner ordered her to Cincinnati for repairs, and that in coming up the river she carried neither cargo nor passengers, justifies the conclusion that it was the purpose of the owner scrupulously to observe the requirements of the law.

The judgment of the court is, that the libel be dismissed.